## Resignation of Public Officials

BARD, Attorney General, September 16, 1938.—You have requested our advice as to the proper notation to be placed on official records of the Commonwealth with respect to the late Hon. William McKeen.

Judge McKeen, then President Judge of the Court of Common Pleas of the Third Judicial District, addressed

a letter of resignation to you on July 9, 1938, "to take effect immediately". The letter was mailed on July 11, 1938, and later, on the same day, Judge McKeen died. The letter of resignation was received in your office on July 12th.

The question here presented is an interesting one, involving the determination of whether or not a resignation of a public official must be accepted in order for such resignation to be effective. If acceptance is necessary, then, since Judge McKeen died prior to the date that the resignation was actually received in your office, and prior to its acceptance, no resignation was effected, and your official records would be marked "died July 11, 1938".

However, if a public officer may merely tender his letter of resignation, and no power can intervene to deprive him of the right to remove himself from public office, then your records would be marked "resigned".

In the case of Steel v. Commonwealth, 18 Pa. 451 (1852), the question arose whether or not a letter of resignation submitted by a prothonotary and filed in the office of the Secretary of the Commonwealth was effectual to bring about the resignation of the officer. Chief Justice Black, speaking for the Supreme Court, stated on page 454:

"A resignation, which never practically took effect in the retirement of the officer, and was never accepted by the executive, is no resignation at all."

In the case of Jennings, Beale & Co. v. Beale, 146 Pa. 125 (1892), involving the question of resignation of a corporate officer, the conclusions of law of a master were affirmed by the lower court and by the Supreme Court. At page 131 appears the following language:

"The mere tendering of his resignation did not put him out. 'At common law, as offices are held at the will of both parties, if the resignation of an officer be not accepted, he remains in office:' Bouvier's Law D.; Ed-

wards v. United States, 13 Otto 471; Steel v. Commonwealth, 18 Pa. 451."

Perhaps the leading authority for the proposition that the resignation of a public officer must be accepted by the appointing power in order for such resignation to be effective is the case of Edwards v. United States, 103 U. S. 471. Mr. Justice Bradley, in developing the court's position that the common law which required a resignation to be accepted before it becomes effective was the proper rule, stated his reasons at page 473:

"As civil officers are appointed for the purpose of exercising the functions and carrying on the operations of government, and maintaining public order, a political organization would seem to be imperfect which should allow the depositaries of its power to throw off their responsibilities at their own pleasure. This certainly was not the doctrine of the common law. In England a person elected to a municipal office was obliged to accept it and perform its duties, and he subjected himself to a penalty by refusal. An office was regarded as a burden which the appointee was bound, in the interest of the community and of good government, to bear. And from this it followed of course that, after an office was conferred and assumed, it could not be laid down without the consent of the appointing power. This was required in order that the public interests might suffer no inconvenience for the want of public servants to execute the laws. See 1 Kyd, Corporations, c. 3, sect. 4; Willcock, Corporations, pp. 129, 238, 239; Grant, Corporations, pp. 221, 223, 268; 1 Dillon, Mun. Corp., sect. 163; *Rex v. Bower*, 1 Barn. & Cres. 585; *Rex v. Burder*, 4 T. R. 778; *Rex v. Lone*, 2 Stra. 920; *Rex v. Jones*, id. 1146; *Hoke v. Henderson*, 4 Dev. (N. C.) L. 1; *Van Orsdall v. Hazard*, 3 Hill (N. Y.), 243; *State v. Ferguson*, 31 N. J. L. 107. This acceptance may be manifested either by a formal declaration, or by the appointment of a successor. 'To complete a resignation,' says Mr. Willcock, 'it is necessary that the corporation manifest their ac-

ceptance of the offer to resign, which may be done by an entry in the public books, or electing another person to fill the place, treating it as vacant.' Willcock, Corporations, 239."

A well-considered opinion of one of our lower courts appears in the case of Commonwealth ex rel. v. Hess, 2 D. & C. 530 (1922). Judge Hassler of the Court of Common Pleas of Lancaster County there had before him the question of a resignation of a school director. At page 531 he stated:

"Under the common law, a public officer cannot resign his office without the consent of the body which appointed him or which has power to fill a vacancy. This consent may be either by express acceptance of the resignation or by the appointment of another to the office vacated: Rex v. Lane, 2 L. R. A. 1304; Van Orsdale v. Hazard, 3 Hill (N. Y.), 243; Edwards v. United States, 103 U. S. 427. There is no statute in this State changing the rule of the common law.

"There are cases in some of the states that, under the peculiar circumstances of each case, decide that a resignation creates a vacancy as soon as received by the proper authorities. In most of these cases I find that only the people were authorized to fill the vacancies in the offices, although the law required the resignation to be sent to certain officers."

There can be no question but that the weight of judicial authority is that the resignation of a public officer is ineffective until accepted by the appointing power. Of course, statutes may change this rule of law. Thus, in Pennsylvania, a State employe who has reached the age of 60 years may retire for superannuation by filing with the Retirement Board a prescribed application: Act of June 27, 1923, P. L. 858, as last amended by the Act of May 18, 1937, P. L. 683. Under the provisions of this act, the retirement of the public officer, who is also a State employe, and a contributor to the Retirement System, and who complies with the act, becomes effective without the

consent of the power, which appoints the successor to the retiring officer. However, in the instant case, there was no retirement effected under the Act of 1923. Hence that act does not change the common-law rule in this case.

Thus, we are led to the following conclusion: In the absence of a statute, in order for a resignation to be effective, it must be accepted by that person or body which has the power to appoint a successor. Judge McKeen's resignation was received in your office after the time of his death. Hence, he was not a public officer in being, whose resignation could be accepted by you. You, of course, could not accept the resignation of an officer, which acceptance would remove him from office, when death had removed the officer from his public position. Therefore, you are advised that your records should be marked "died July 11, 1938".

This opinion in no way rules upon the question of the retirement allowance of Judge McKeen.