## Soyster Unemployment Compensation Case.

548

Argued March 12, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Jennie P. Soyster,* appellant, in propria persona,
submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with
him *David Stahl,* Attorney General, for Unemployment
Compensation Board of Review, appellee.

OPINION BY RHODES, P. J., April 12, 1962:

This is an unemployment compensation case in
which claimant has appealed from the denial of benefits
by the Unemployment Compensation Board of Review.
Her application was disallowed by the Bureau of Em-
ployment Security, the referee, and the Board of Re-
view for the reason that she voluntarily terminated her
employment and was therefore disqualified from re-
ceiving benefits under the provisions of section 402-
(b)(1) of the Unemployment Compensation Law, 43
PS §802(b)(1).

Appellant was last employed by the Martinsburg
Shoe Company, Martinsburg, Pennsylvania, where she
had worked for seven and a half years. Her last day
of work was January 19, 1961. On January 6, 1961,
she gave two weeks' notice that she was terminating
her employment because of dissatisfaction with an-
other employe. On January 16, 1961, appellant at-

tempted to retract her notice of termination, but it was not accepted by her employer because arrangements had been made for her replacement. There was testimony to the effect that another employe was being trained for that particular job after appellant gave notice that she was quitting.

The board found that under the circumstances appellant's separation was voluntary and without cause of a necessitous and compelling nature, and that she was accordingly disqualified from receiving benefits under the provisions of the Law. *Cunningham Unemployment Compensation Case,* 193 Pa. Superior Ct. 172, 164 A. 2d 29.

The findings of fact made by the board are supported by the evidence and are conclusive. *Progress Manufacturing Company, Inc., v. Unemployment Compensation Board of Review,* 406 Pa. 163, 176 A. 2d 632.

It is significant that appellant, having given two weeks' notice to quit, set in motion the process whereby arrangements were made for her replacement. We have recently held that a resignation voluntarily submitted could, under the circumstances, be relied upon by the employer notwithstanding a belated attempt to withdraw by the employe. *Dykan Unemployment Compensation Case,* 197 Pa. Superior Ct. 153, 177 A. 2d 160.

It is apparent from the record that appellant gave the two weeks' notice because of her dissatisfaction with another employe, and that her resignation was accepted and acted upon. The conclusion of the board was in conformity with the facts found.

The decision of the board is affirmed.