Raymond Walker *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Raymond Walker, Appellant.

Argued October 8, 1976, before President Judge Bowman and Judges Crumlish, Jr. and Wilkinson, Jr., sitting as a panel of three.

*Carrie Menkel-Meadow,* with her *Ira Silverstein,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, December 13, 1976:

This is an appeal filed by Raymond Walker from an order of the Unemployment Compensation Board of Review denying benefits for the period January 25, 1975 through April 5, 1975. Walker was denied unemployment compensation benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which provides in pertinent part:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Walker was employed by Spectrum, Inc., as a maintenance man for approximately 18 months prior to the severance of the employment relationship on December 19, 1974.

By a letter dated December 1, 1974, Walker submitted his resignation, effective December 31, 1974, citing a "conflict of interest in employment" as his reason for leaving. Never fully explained on the record, this "conflict of interest" revolved around domestic problems arising out of Walker's shift assign-

ments and those of his wife at her job. On December 18, 1974, Walker met with his employer and attempted to rescind his resignation. The employer refused to allow the rescission because it had allegedly committed itself to a replacement for Walker.

It is the law of Pennsylvania that a resignation, later revoked, is a voluntary termination of employment if the employer has taken steps to replace the employee before revocation. *Soyster v. Unemployment Compensation Board,* 197 Pa. Superior Ct. 547, 180 A.2d 123 (1962). The appellant contends that *Soyster,* by implication, mandates that an employee be allowed to withdraw a resignation if the employer has not yet begun the process of choosing a replacement. In such a case, termination would be a discharge and not a voluntary quit.[1] Walker further contends that, in this case, the only reason for refusing to allow rescission of the resignation was that he had filed a complaint against Spectrum with the Human Relations Commission. Finally, appellant argues that the Referee's finding that Spectrum was committed to the union for a replacement is based solely on hearsay, and, as such, cannot stand.

Assuming, without deciding, that *Soyster, supra,* requires by implication that an employee be allowed to withdraw a resignation unless the employer has relied on it to his detriment,[2] we must still conclude that the appellant is disqualified for benefits.

---

[1] Walker has not argued that he left his job due to any cause of a necessitous and compelling nature. Moreover, the inconvenience of his shift assignment would not qualify as such a cause. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974).

[2] Whether such a rule should be implied from the *Soyster* decision is doubtful because the Superior Court in another case in that term, *Dykan Unemployment Compensation Case,* 197 Pa. Superior Ct. 153, 177 A.2d 160 (1962), also written by President Judge RHODES, stated:

As a general rule, in a "voluntary quit" case, under Section 402(b)(1), the burden of proving a right to unemployment compensation rests with the claimant. *Kanouse v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973); *James v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 489, 296 A.2d 288 (1972); *Smith Unemployment Compensation Case*. 167 Pa. Superior Ct. 242, 74 A.2d 523 (1950).[3] Proof that an employee had cause of a necessitous and compelling nature for leaving a job is one way that an apparent voluntary quit may be shown to have not been voluntary. Section 402(b)(1) of the Act expressly sets forth this manner of avoiding ineligibility. The burden of showing compelling and necessitous cause is upon the claimant. *Borman v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974); *Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973); *Domico Unemployment Compensation Case*, 198 Pa. Superior Ct. 327, 181 A.2d 731 (1962). In this case, the appellant contends that his severance from Spec-

---

We do not decide as an abstract proposition whether or not a resignation once submitted voluntarily may be rescinded so as to compel the employer to initiate a dismissal proceeding. *Id.* at 157, 177 A.2d at 161.

Thus, the question appears to remain open. Although we need not, at this time, decide the issue, it may be noted that we would be predisposed to limit any such right of the employee to rescind a resignation by requiring that rescission take place no later than the date upon which the resignation was to become effective.

[3] By contrast, in a discharge case based upon willful misconduct, the burden is placed upon the employer to prove willful misconduct pursuant to Section 402(e) of the Act, 43 P.S. §802(e). *See, e.g., Unemployment Compensation Board of Review v. Atlantic Richfield Co.*, 22 Pa. Commonwealth Ct. 511, 349 A.2d 496 (1975); *Unemployment Compensation Board of Review v. Stiles*, 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975).

trum was not a voluntary quit because he chose to rescind his resignation under circumstances which meet the "implied" rule of *Soyster, supra.* We conclude that the burden under *Soyster, supra,* of proving that an apparent voluntary quit was not such, should likewise rest with the claimant.

Specifically, we conclude that where it is undisputed that the claimant has submitted a resignation which has set in motion the process for his replacement, the claimant has the burden of proving that such arrangements had not been made at the time of withdrawal of the resignation. Our review of the record discloses that Walker has failed to carry his burden.

Although our holding that the appellant failed to meet his burden of proof makes it unnecessary to consider Walker's challenge to the employer's evidence, we believe that some comment is warranted. Walker's contention is that a finding may not rest *solely* on hearsay evidence, even if admitted without objection—in this case a letter from Spectrum to the Board informing them of Spectrum's commitment to the union for a replacement laborer.

Our research has disclosed the development of two somewhat confusing, and, at times, inconsistent lines of authority on the general issue of the use of hearsay to support the findings of the Unemployment Compensation Board. *Compare Owen v. Unemployment Compensation Board of Review,* 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976); *Unemployment Compensation Board of Review v. Stiles,* 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975); *Covell v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 637, 330 A.2d 319 (1975); *Pelligrino v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 486, 303 A.2d 875 (1973); *Sledzianowski Unemployment Compensation Case,* 168 Pa. Superior Ct. 37, 76 A.2d 666 (1950),

*with Unemployment Compensation Board of Review v. Cooper,* 25 Pa. Commonwealth Ct. 256, 360 A.2d 293 (1976); *Bickling v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 619, 333 A.2d 519 (1975); *Lipshutz v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 257, 303 A.2d 231 (1973);*Kozlowski Unemployment Compensation Case,* 191 Pa. Superior Ct. 83, 155 A.2d 373 (1959).

In two cases, which are indistinguishable and which involved, as does the present case, the use of a hearsay letter from an employer as the *sole* support for a finding of voluntary termination, this Court has announced contrary rules. In *Cooper, supra,* we declared that a finding based *solely* on hearsay, even if that hearsay was admitted without objection, cannot stand, yet in *Covell, supra,* precisely the same contention was rebuffed by the statement that evidence, admitted without objection, may be given its natural and probative effect and may support the Board's findings. To remedy this apparent inconsistency and to lessen confusion regarding the use of hearsay to support the findings of the Board, we set forth the following guidelines: (1) Hearsay evidence, *properly objected to,* is not competent evidence to support a finding of the Board. *Stiles, supra; Pelligrino, supra; Phillips v. Unemployment Compensation Board of Review,* 152 Pa. Superior Ct. 75, 30 A.2d 718 (1943); (2) Hearsay evidence, *admitted without objection,* will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record,* but a finding of fact based *solely* on hearsay will not stand. *Cooper, supra; Bickling, supra.*

Although we agree with the appellant that Spectrum's letter, in the absence of corroboration, does not support the Board's finding that Spectrum was

528

committed to the union for a replacement laborer, the burden of proving that Spectrum was not so committed, as we have already stated, rested with the claimant, and we must affirm the decision of the Board.

ORDER

AND Now, this 13th day of December, 1976, the order of the Unemployment Compensation Board of Review, dated December 12, 1975, in the above-captioned matter, denying benefits to Raymond Walker, is affirmed.