Helene E. Rodgers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1978, before Judges WIL-KINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Deborah R. Willig*, with her *Stephen C. Richman, Jonathan K. Walters,* and *Markowitz & Kirschner,* for petitioner.

*Michael Klein*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 30, 1978:

The Bureau of Employment Security, a referee, and the Unemployment Compensation Board of Review all determined that Helene E. Rodgers was ineligible for unemployment compensation benefits because she had voluntarily left work without cause of a necessitous and compelling nature, pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). Mrs. Rodgers has appealed the Board's decision, asserting that the findings that she voluntarily left work because of domestic obligations and general dissatisfaction with her salary and conditions of work and that she was not laid off or discharged were wholly based

on uncorroborated hearsay evidence. This evidence, she asserts, was an employer's report submitted to the Bureau of Employment Security and admitted into the record by the referee. Her contention is without merit.

The record contains a writing over Mrs. Rodgers' signature stating, "I quit this job because they were aware of problems created by the Company and they do not have a leave of absence policy," and in which she additionally complained about her salary, "tensions prevailing in the office" and other matters, including difficulty in arranging time off to attend her ill daughter. Mrs. Rodgers testified at the hearing afforded her that personality conflicts at her place of employment and her daughter's illness caused her to request a reduction in her hours of work, that her employer would not agree to her suggestion of a reduced schedule, and that in the end she acceded to a suggestion of her supervisor that the best solution to her problems would be quitting. There is thus ample evidence in the record from Mrs. Rodgers herself supporting the findings she complains of.

In addition, the employer's statement went into the record without objection. The rule of law is that hearsay evidence admitted without objection may support a finding if corroborated by other competent evidence in the record. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). Much of what was contained in the employer's statement was corroborated by Mrs. Rodgers' evidence.

Order affirmed.

### Order

And Now, this 30th day of October, 1978, the order of the Unemployment Compensation Board of Review is affirmed.