JOHN PERNAL v. JUDITH A. PERNAL

LOISELLE, BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued October 12—decision released October 30, 1979

*Marilyn P. A. Seichter* and *Wesley W. Horton,* for the appellant (defendant).

*Paul Smith,* with whom, on the brief, was *John W. Pickard,* for the appellee (plaintiff).

PER CURIAM. This is an appeal by the defendant wife from a judgment dissolving the marriage of the parties. The sole issue raised is whether the court abused its discretion in conveying the defendant's one-half interest in the family home to the plaintiff.

The parties were married in 1957 and have three minor children. The court specifically found that the conduct of the defendant was the cause of the dissolution. Joint custody of the children was granted; no support or alimony was awarded.

The defendant's attack on the court's finding is without merit. A finding will not be corrected by the addition of facts as requested in the draft finding which will not affect the result. *Krause* v. *Krause,* 174 Conn. 361, 364, 387 A.2d 548 (1978). Likewise, the findings claimed to lack support in the evidence will not be stricken when they are adequately supported by the evidence printed in the appendices to both briefs.

The court found that the plaintiff sustained his burden of proof by the more credible evidence and that equitable considerations favored his contentions. In disposing of marital property, however, the court must consider those criteria set out in § 46-51[1] of the General Statutes. We conclude that the finding, taken as a whole, and the memorandum of decision clearly indicate that the court considered and took into account the appropriate statutory criteria.

There is no error.

---

[1] "[General Statutes, Rev. to 1977] Sec. 46-51. ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46-36, the superior court may assign to either the husband or wife all or any part of the estate of the other; and may pass title to real property, without any act on the part of either the husband or the wife, to the other party or to a third person or may order the sale of such real property, when in the judgment of the court, it is the proper mode to carry such decree into effect. A conveyance made in pursuance of such decree shall vest title in the purchaser thereof, and shall bind all persons entitled to life estates and remainder interests in the same manner as a sale ordered by the court pursuant to the provisions of section 52-500. Such decree having been recorded on the land records in the town where such estate is situated, shall effect the transfer of the title of such real property as if it were a deed of the party or parties. In fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46-48, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates." (Now § 46b-81.)