Valerie B. Goughnour, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Gary Robert Fine,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 26, 1980:

Valerie B. Goughnour (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying her benefits. The Board initially had remanded the case to the referee to take additional evidence, which the Board used to make supplemental findings of its own. The Board then affirmed the referee's determination that the claimant had voluntarily terminated her employment "without cause of a necessitous and compelling nature," and was therefore ineligible for benefits by mandate of Section 402(b)(1) of the Unemployment Compensation Law.[1]

The claimant was last employed by the Menasha Corporation as a supervisor. On November 1, 1978, she notified her employer of her intention to resign as of December 15, 1978, stating that she had an eye problem. At the first hearing before the referee[2] the claimant testified that she had not presented any medical documentation to her employer. Indeed, the claimant

---

[1] Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] January 23, 1979.

testified that no physician had advised her to leave her job. Her testimony also indicated that she had not requested a leave of absence prior to submitting her resignation on November 1, 1978.

The record establishes that during the second week of November, 1978, Goughnour tried to revoke her resignation and requested her employer to give her an extended leave of absence, instead. Her supervisor, to whom she made the request, told her that he would inform her of the employer's decision. On December 8, 1978, the claimant was informed that her request for a leave was denied and that her employment would end on December 15, 1978. The claimant's first contention to this Court is that her termination was not voluntary but rather the result of a discharge.

Significant in this case is the claimant's own testimony, at the remand hearing,[3] regarding what the employer did about her position after her notice of resignation and prior to her attempt to revoke it. When asked if the employer took any steps to replace her prior to her attempted revocation, the claimant answered, "they brought somebody from off the floor." Although the claimant was uncertain of when the employer commenced training that other person to replace her, she did testify that as of late November, 1978, the other person had "already been training in one department . . ."

However, the claimant was clear in her testimony that the other person was being trained to assume her duties and that the job was a promotion for the trainee. In fact, the claimant stated that she herself aided in the training.

It is the law of Pennsylvania that a resignation, later revoked, is a voluntary termination of employment if the employer has taken steps to replace the em-

---

[3] April 16, 1979.

ployee before revocation. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976) ; *Soyster Unemployment Compensation Case*, 197 Pa. Superior Ct. 547, 180 A.2d 123 (1962) ; *see Lovrekovic v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 364, 387 A.2d 685 (1978).

Further, where it is undisputed that the claimant has submitted a resignation which has *set in motion the process for his replacement*, the claimant has the burden of proving that such arrangements had not been made at the time of withdrawal of the resignation. *Walker v. Unemployment Compensation Board of Review, supra.* In the instant case, the claimant failed to meet that burden. Indeed, her own testimony supports the Board's inference that such arrangements had been made before the attempted revocation. Therefore, we must conclude that the claimant voluntarily quit her employment.

The claimant's other contention represents a "change of horses." Having first argued that her termination was *involuntary* and due to a discharge, the claimant in her second argument contends that her termination was *voluntary* but was compelled by her eye problem. Although the claimant's two arguments in this appeal are inconsistent, it seems that our system permits such an alternative approach.

Nonetheless, a claimant becoming unemployed because of a voluntary termination assumes the burden of showing that such termination was for cause of a "necessitous and compelling nature." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). A claimant asserting health reasons must present medical evidence to establish that his or her employment was terminated for reasons of health. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977);

*Milsop v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 468, 405 A.2d 1017 (1979).

In the case at bar, the claimant presented no competent medical evidence that she was compelled to quit her job for health reasons. The only evidence on the point was the claimant's own assertion, *at the remand hearing,* that two doctors had advised her to leave her employment. The Board had the right to reject her testimony in that regard, especially since it was diametrically opposed to her testimony at the *first hearing.* At the first hearing she testified under oath, so the record reveals, that no physician had advised her to quit. In addition, at the first hearing the claimant testified that there was no medical impediment to her working. In sum, the instant claimant did not present competent evidence that health reasons compelled her to leave her employment; and, therefore, the claimant's alternative argument must also fail.

For the reasons set forth, the order of the Board denying unemployment benefits is affirmed.

### ORDER

AND Now, the 26th day of September, 1980, the order of the Unemployment Compensation Board of Review, at Decision No. B-172826, is affirmed.