Mary S. Hale, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Emily J. Leader,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 3, 1981:

Mary S. Hale, a claimant for unemployment compensation below, appeals from an order of the Unemployment Compensation Board of Review denying such benefits. The Board affirmed a referee's decision that the claimant voluntarily left her employment without cause of a necessitous or compelling nature, and was thus ineligible by terms of Section 402(b)(1) of the Unemployment Compensation Law.[1]

On June 1, 1978, claimant Hale commenced employment as assistant housekeeper at the Best Western Inn in Carlisle, Pennsylvania. On December 11, 1978, she submitted, and her employer accepted, her resignation to take effect on December 27, 1978. The claimant submitted her resignation after being told by her employer that she would not be promoted to the position of head housekeeper at the Inn. However, less than a week after her resignation the claimant sought to revoke it; but the employer would not permit her to do so.

By the time the claimant sought to revoke her resignation the employer had not secured a replace-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

ment but had interviewed three applicants for that purpose. According to claimant, it was not until the middle of January 1979, after the claimant had actually left her job in accordance with her resignation, that a replacement was hired.

In seeking relief from this Court, the claimant focuses on a single point: that she offered to revoke her resignation before it was due to take effect and before a replacement was hired. In that regard, the claimant emphasizes that when she sought to revoke the resignation the employer had merely interviewed possible replacements but had not made a commitment to hire anyone. Claimant's contention is unavailing.

It is the law in Pennsylvania that a resignation, later revoked, remains a voluntary termination of employment if the employer has *taken steps* to replace the employee before the revocation. *Goughnour v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 83, 420 A.2d 30 (1980) ; *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976); *Soyster Unemployment Compensation Case,* 197 Pa. Superior Ct. 547, 180 A.2d 123 (1962).

In the instant case it is undisputed that the claimant's resignation set in motion the process for her replacement. Following her resignation, but before the attempted revocation, the employer began interviewing applicants to find a replacement. In short, prior to the claimant's revocation of her resignation the employer had *taken steps* to replace her. Thus, the termination of the claimant's employment was voluntary on the part of the claimant herself.

A claimant becoming unemployed by voluntarily quitting his or her employment assumes the burden of showing that such termination was for cause of a "necessitous and compelling nature." *Taylor v. Unemployment Compensation Board of Review,* 474 Pa.

351, 378 A.2d 829 (1977). In the instant appeal the claimant takes no issue with the referee's determination that the claimant had established no such cause for her resignation.

Accordingly, we affirm the order of the Board denying benefits.

### ORDER

AND Now, the 3rd day of March, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-173698, denying benefits, is affirmed.