George Tretter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Watt & Shand, Intervenor.

Argued June 5, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*John Burson,* with him *Gregory Paulson* and *Michael Goldberg,* and *Marian E. Frankston,* for petitioner.

No appearance for respondent.

*Leslie R. Stellman,* with him *Bruce S. Harrison, Shawe & Rosenthal,* and *Christopher S. Underhill,* with him *John I. Hartman, Jr., Hartman, Underhill & Brubaker,* for intervenor.

OPINION BY JUDGE WILLIAMS, JR., September 25, 1981:

Claimant appeals to this Court to reverse the decision of the Unemployment Compensation Board of Review (Board), which affirmed the determination of the referee that claimant was ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1), for voluntarily terminating his employment without cause of a necessitous and compelling reason.

The Board found that claimant was employed as a stockman by Watt & Shand (employer) from March, 1966, until the day he had chosen as his retirement date, June 1, 1979. Claimant had had his 65th birthday on March 27 of that year, and had informed his employer during the previous fall that he intended to retire sometime during the summer of 1979. Claimant and employer discussed his retirement plans sometime around February 1, 1979, and mentioned the possibility of moving the date up from June 1 to April 1. However, during that discussion, claimant learned that he had to work until May 15 to become eligible for full vacation benefits, so he re-affirmed June 1 as his retirement day.

Sometime very shortly after April 12, claimant informed employer that he no longer wanted to retire on

June 1, that he wished to continue his employment at least until he had earned the maximum amount allowed under Social Security regulations, which would have occurred in September. Since the employer had already sent notification to its pension insurer of claimant's retirement date, it refused the revocation of the employment termination.

In denying benefits, the Board cited *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 552, 367 A.2d 366 (1976) for the proposition that an employee who voluntarily retires has left his job without necessitous and compelling reasons. It further stated that resignation, later revoked, retains its voluntary characteristics if the employer has "taken steps" to replace the employee before the employer receives notice of the revocation. As its authority for this legal tenet, the *Walker* case cites *Soyster v. Unemployment Compensation Board of Review*, 197 Pa. Superior Ct. 547, 180 A.2d 123 (1962), which involved the recission of a voluntary termination after the employee's replacement had been trained, and is thus clearly distinguishable from the case presently before this Court.

Our scope of review in the absence of fraud, is confined to questions of law and a determination of whether the findings of the Unemployment Compensation Board of Review are supported by the evidence, leaving to the Board questions of credibility and weight of the evidence and giving to the prevailing party the benefit of any favorable inferences which can be reasonably and logically drawn therefrom.

*Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 176, 178, 316 A.2d 110, 111 (1974). If the Court finds that the findings of fact are supported by substantial evi-

dence, it is bound by those facts; however, the legal conclusions to be drawn therefrom are subject to our scrutiny. *Richards v. Unemployment Compensation Board of Review*, 491 Pa. 162, 420 A.2d 391 (1980).

The Board here made nine findings of fact. Finding No. 8, which is crucial to our resolution of this case, reads as follows:

> Between the time the claimant indicated that he wanted to retire on June 1, 1979 and the date on which the claimant advised the employer that he had decided not to retire on June 1, 1979 the employer had *taken steps* to replace the claimant. (Emphasis added.)

This Court has addressed the issue of revocation of a voluntary termination in several cases,[1] but has never defined the "steps" which are required to establish the employee's ineligibility for benefits. As we stated in *Walker, supra,*

> where it is undisputed that the claimant has submitted a resignation which has set in motion the process for his replacement, the claimant has the burden of proving that such arrangements had not been made at the time of withdrawal of the resignation.

27 Pa. Commonwealth Ct. at 526, 367 A.2d at 369. The broad issue raised by the claimant on appeal to this Court—whether the Board committed error in denying benefits—is resolved by the application of the *Walker*

---

[1] *Goughnour v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 83, 420 A.2d 30 (1980) ; *1030 North West End Boulevard, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 314, 417 A.2d 294 (1980) ; *Funkhouser v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 33, 416 A.2d 646 (1980) ; *Lovrekovic v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 364, 387 A.2d 685 (1978) ; *Walker, supra.*

standard to the facts of this case and the conclusion to be drawn therefrom.

The employer's contention in this case, according to the testimony of its personnel manager, is that "the paperwork involved in the pension" constitutes sufficient legal basis for denying benefits. In response to cross-examination concerning what was involved in the retiring and replacing of the employee, the same witness testified that he "had a request for a replacement in," but emphasized that the reason for refusing to accept the claimant's request to continue working was simply that the paperwork for the pension "had been instigated." However, he also testified that, had the employer chosen to permit the later retirement date, the paperwork could simply have been updated when the employee finally left the company.

This Court has made it quite clear in past cases[2] that the law does not permit the receipt of unemployment compensation benefits by those who attempt to rescind a voluntary resignation after replacements have been hired or trained. Indeed, in *Hale v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 245, 425 A.2d 1216 (1981), we further refined the principle to deny benefits where an employee of six months who resigned in response to the employer's refusal to promote her, offered to withdraw her resignation only ten days prior to its effective date, and the employer had interviewed three prospective replacements before the attempt to rescind. However, we cannot further extend that rule to encompass a situation in which the only step taken to *replace* claimant was an inter-office communication of a "request for a replacement," where six full weeks remained before the unskilled employee's position would be officially vacated.

---

[2] See note 1, *supra.*

We therefore hold that claimant here has met his burden of showing that arrangements for his replacement had not been made at the time he notified the personnel manager that he wished to continue working, at least until he had earned the maximum allowed under Social Security regulations.

Employer finally contends that claimant's stated desire to earn only that amount permitted under the applicable Social Security regulations constitutes sufficient grounds for the finding that he was therefore not realistically attached to the job market. This argument fails in light of *Urista v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 618, 425 A.2d 494 (1981), in which this Court held that a claimant who limits himself to employment which would not pay him more than the Social Security maximum can indeed be eligible for unemployment compensation, if he is otherwise entitled.

Order reversed.

### ORDER

AND Now, this 25th day of September, 1981, the Decision and Order of the Unemployment Compensation Board of Review No. B-177865-B, dated April 2, 1980, is hereby reversed.

Judge PALLADINO dissents.