Nellie I. Adamski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Frank J. DeSanto, DeSanto & DeSanto,* for petitioner.

*Steven Neary,* Associate Counsel, with him *Karen Durkin,* Associate Counsel, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, February 22, 1982:

This case arises out of an unemployment compensation claim filed by Nellie Adamski (Claimant) on May 4, 1980. The Office of Employment Security (Office) issued a decision denying benefits under the provisions of Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*. 43 P.S. §802(b)-(1) which provides in pertinent part:

> An employe shall be ineligible for compensation any week —
> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature....

Both the referee and the Unemployment Compensation Board of Review (Board) affirmed the Office's determination denying benefits on the basis of §402(b)(1). Claimant now seeks review by this Court.

The only issue raised by Claimant is whether the Board erred in determining that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature within the meaning of §402(b)(1), and as a result, whether it erred in finding Claimant ineligible to receive unemployment compensation benefits. We hold that the Board did not err and accordingly affirm its order.

The Claimant was employed by Schott Optical (Employer) as a fixture loader from April 6, 1974 until May 2, 1980. She gave her Employer more than two weeks notice that she would be leaving her position on May 2, 1980. At the referee's hearing, when asked "Did you retire?," the Claimant testified "Yes." Claimant explained she was 68 years old and felt she was entitled to retire. Both Claimant and her Employer testified that continuing work was available for Claimant if she desired to keep working. The Employer also stated that there was no set retirement age enforcement by their company.

Claimant now contends that she did not retire from her employment, but rather that she terminated her employment for health reasons. Claimant alleges that acute arthritis, hypertension and nervous tension made it physically and emotionally impossible for her to work. No testimony or evidence in the record, however, even so much as suggests that Claimant was suffering from the above mentioned ailments. The record is void of any evidence, medical or otherwise, to support these allegations. We are not a factfinder, and therefore, cannot consider on appeal what was not part of the record below.

In this case, the party with the burden of proof (Claimant) did not prevail below. Therefore, the Board's findings of fact are binding on this Court if the findings are consistent with each other and the conclusions of law, and if they can be sustained without a capricious disregard of competent evidence. *Pease v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 299, 397 A.2d 449 (1979). In a case where an employee voluntarily terminates his employment, the court must determine if the claimant met his burden of proving that he did so for a cause of necessitous and compelling nature. Whether one had such cause to terminate employment is a legal conclusion subject to appellate review. *McNeil v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 315, 414 A.2d 727 (1980).

In the case before us we find that the Board's findings of fact are consistent with each other and with the conclusions of law and that the Board has not capriciously disregarded competent evidence. By her own admission, Claimant stated that she voluntarily retired from her employment although continuing work was available for her if she decided to remain.

There exists no conflict in the record.[1] That she voluntarily terminated her employment to retire at age 68 is clear. Based on that competent testimony, the Board found Claimant was ineligible to receive unemployment compensation benefits within the meaning of Section 402(b)(1) of the Law. On that basis we affirm.

### ORDER

AND NOW, this 22nd day of February, 1982, the order of the Unemployment Compensation Board of Review, No. B-186328 dated July 29, 1980, denying Nellie Adamski unemployment compensation benefits is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.

---

[1] While it is true that a claimant's physical disability may constitute a cause of a necessitous and compelling nature for leaving her employment, *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), we were unable to consider such a possibility since no corroborating evidence was presented below. We cannot on appeal consider evidence that was not presented below.