John Matty, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*George R. Price, Jr.,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 7, 1983:

John Matty (Claimant) has filed this Petition for Review from a decision of the Unemployment Compen-

sation Board of Review (Board) finding Claimant ineligible for benefits in view of its determination that his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature. Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). We affirm.

Claimant worked as a laborer for George Logue, Inc. (Employer). On July 21, 1980, Claimant notified Employer that he was retiring "on Social Security"[1] and was willing to work part-time occasionally when needed to help out Employer. The Board found, based on substantial evidence, that Claimant had been offered continuing full-time work by Employer after July 21, but that Claimant had refused such offers.[2] Claimant did work for Employer on an irregular basis until September 20, 1980. Employer's personnel director testified that he considered Claimant to be "an on call temporary part-time employee."

The fundamental purpose of the Unemployment Compensation Law is to compensate individuals who are unemployed through no fault of their own. *Barillaro v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 325, 387 A.2d 1324 (1978). In this case, Claimant could have continued in full-time employment, but it was his voluntary action in retiring and requesting only occasional work that caused his unemployment. Since voluntary retirement is not cause of a necessitous and compelling nature justifying Claimant's reduction of his availability for employment, *Adamski v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 639, 441 A.2d 502

---

[1] Claimant was 62 years old.

[2] While conflicting evidence on these matters was received, the resolution of such conflicts is for the Board to determine. *Grzech v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 9, 16, 423 A.2d 1364, 1368 (1981).

(1982), we must agree with the Board that Claimant's actions were disqualifying conduct. *See Fenk v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 213, 405 A.2d 590 (1979); *Spong v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 560, 404 A.2d 444 (1979).[3]

## ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-193935, dated March 31, 1981, is hereby affirmed.

---

[3] Claimant contends that the fact of an ongoing employer-employee relationship precludes the application of Section 402(b). Such a contention is clearly erroneous. For example an employee on voluntary leave of absence maintains his employment relationship, yet may be ineligible under Section 402(b). *Cf. Crumbling v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974) (ineligibility under now repealed Section 402(b)(2)).