Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1985, before Judges Mac-Phail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Sean F. Creegar,* Counsel, with him, *Herbert W. Hoffman,* Deputy Chief Counsel, for petitioner.

*Charles Hasson,* for respondent.

*Fred Barakat,* for intervenor, Violette Crowley.

Opinion by Judge Colins, January 3, 1986:

The Office of Employment Security of the Department of Labor and Industry (petitioner) appeals a decision by the Unemployment Compensation Board of Review (respondent) granting Violette M. Crowley

(claimant) benefits. Claimant was employed by petitioner as an Unemployment Claims Examiner in the Chester Office from 1964-67 and again from 1970-84. On February 3, 1984, claimant submitted a written notice of retirement effective May 2, 1984. Subsequently, claimant became aware that her pension, based on her seventeen years' service, would not meet her fiscal needs. On April 9, 1984, she wrote a second letter, attempting to revoke her resignation. In a reply dated April 16, 1984, Richard A. Himler (Himler), Director of Personnel for petitioner, refused to grant claimant's request to revoke her resignation and informed claimant that her originally requested separation date would be implemented by petitioner in accordance with the "agency's policy not to approve changes regarding separation dates once they have been accepted." Petitioner does not contend that this policy has been published as a regulation or reduced to any official written form.

Petitioner seeks a reversal of the Board's decision to grant benefits contending that claimant's notice of retirement effectively constituted a voluntary resignation, barring her from benefits as per Section 402 (b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b)(1). We disagree and affirm the Board's decision.

Because the claimant had the burden of proof and prevailed before the Board, our scope of review is limited to whether an error of law was committed or whether any necessary finding of fact was unsupported by substantial evidence. Centerville Clinics, Inc. v. Unemployment Compensation Board of Review, 67 Pa. Commonwealth Ct. 91, 445 A.2d 1374 (1982). The Board adopted the referee's findings that petitioner, through Himler, denied claimant's request to rescind

her resignation and that the claimant was ready, able, and available to work.

The case at hand is governed by *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). *Walker* and its progeny, particularly *Tretter v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 70, 434 A.2d 919 (1981), stand for the proposition that if an employee attempts to revoke a resignation before the effective separation date, but is denied this opportunity by the employer, such resignation will not be considered a voluntary quit unless the employer has taken steps to replace the employee before receiving notice of the desired revocation. *Tretter*, 62 Pa. Commonwealth Ct. at 73-74, 434 A.2d at 921; *Walker*, 27 Pa. Commonwealth Ct. at 524, 367 A.2d at 368.

Petitioner here contends that an inter-office memorandum made in late February of 1984 requesting a replacement Unemployment Claims Examiner constituted the ''steps'' necessary to satisfy the language in *Walker*, making claimant's quit a voluntary one. We concur with the Board's conclusion that this is not supported by the record.

The request for a replacement was never acted upon because petitioner determined, in March of 1984, not to replace claimant, but instead to transfer her position elsewhere in the state at some future date. No steps were actually taken to reassign her job elsewhere in the state, pending her actual separation date. Thus, this is not a case where a replacement had been hired or trained, *see Hale v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 245, 425 A.2d 1216 (1981), or one where the revocation was subsequent to the termination date, *see Funkhouser v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 33, 416 A.2d 646 (1980). Here,

as in *Tretter,* all that occurred was a simple exchange of memoranda, of which this Court held:

> [W]e cannot further extend that rule [deny benefits] to encompass a situation in which the only step taken to *replace* claimant was an inter-office communication of a 'request for a replacement . . .'

*Id.* at 74, 434 A.2d at 922 (emphasis in original). Although only four weeks, rather than six weeks as in *Tretter,* remained between claimant's attempted revocation and separation date, there is no dispute of the referee's finding that the position occupied by claimant would not be filled, and that the only actions taken by petitioner were the submission of the personnel request form, and the decision by the Harrisburg office in effect to do nothing about it.

Petitioner attempts to distinguish *Tretter* by characterizing this as a case governed by the Civil Service Act[1] and its corresponding regulations.[2] Specifically, petitioner argues that Himler lacked authority to grant claimant's written request to withdraw her resignation on account of 4 Pa. Code §§101.51 and 101.52. We disagree. The record shows that Himler had already accepted claimant's notice of resignation in accord with 4 Pa. Code §101.52(d). Under 4 Pa. Code §101.52(e), he was free to give his written consent to claimant to revoke the resignation. The latter regulation states "[a] written resignation may not be withdrawn without the written consent of the appointing authority once it has been accepted by the appointing authority." *Id.* The regulation contemplates that the appointing authority has the power to consent to a withdrawal of resignation so long as the consent is written and not

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§741.1-741.1005.

[2] 4 Pa. Code §§91.1-110.28.

oral, and so long as the withdrawal request is made prior to the effective date of resignation. This reading is further buttressed by 4 Pa. Code §101.52(f), which gives an employee a unilateral right of withdrawal of a resignation not yet accepted "at any time prior to acceptance or the effective date." *Id.* Since Himler had the authority to consent to the withdrawal of resignation request but instead refused to do so, claimant's separation was, in fact, involuntary and the result of discretionary action by the petitioner.

Accordingly, the Board's order is affirmed.

ORDER

AND Now, this 3rd day of January, 1986, the order of the Unemployment Compensation Board of Review, Decision No. B-233635, dated August 22, 1984, is hereby affirmed.