565 A.2d 1250

The BOROUGH OF CALIFORNIA, and The Borough of California Civil Service Commission, Appellants,

v.

Robert L. HORNER, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1989.

Decided Nov. 13, 1989.

Reargument Denied Jan. 22, 1990.

Petition for Allowance of Appeal Denied June 12, 1990.

Louann G. Zemeny, with her, D. Keith Melenyzer, Melenyzer & Tershel, Charleroi, for appellants.

Robert N. Clarke, Robert N. Clarke, P.C., Washington, for appellee.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Borough of California (Borough) and the Borough's Civil Service Commission (Commission) (collectively, appel-

lants), appeal from an order of the Court of Common Pleas of Washington County that reinstated Robert L. Horner (appellee), from April 10, 1985 through February 9, 1987, to his position as a police officer of the Borough. We affirm.

The facts are as follows. On March 27, 1985, appellee submitted a letter of resignation to the Chief of Police, Nelson Horner. Resignation was to be effective April 13, 1985. Subsequently, Chief Horner, who is also appellee's father, presented appellee's letter of resignation to the Borough Council (Council). On April 1, 1985, Council's president wrote to Jason Conaway (Conaway) apprising him of the upcoming vacancy and offering Conaway the position "[p]ending acceptance of said resignation[.] Council must fulfill its obligation in the police contract." A reply was requested within forty-eight hours.

By letter dated April 2, 1985 to Council's president, Conaway replied, "If indeed the police officer position is to be filled then I will accept the position. I will be willing to start work as soon as I am given medical clearance from my doctor."

On April 5, 1985, appellee attempted suicide with a shotgun and was hospitalized. On April 8, 1985, Chief Horner sent a letter to the Borough's mayor and Council withdrawing appellee's resignation. That same day at Council's meeting, the resignation and subsequent withdrawal of the resignation were discussed. The matter was "tabled" pending an opinion from the Borough solicitor. Appellee confirmed the withdrawal of his resignation by undated letter, received by the mayor and Council on April 10, 1985.

On May 10, 1985, Council suspended appellee indefinitely from the force without pay, pending an investigation. On May 28, 1985, Council accepted the appellee's resignation dated March 27, 1985, to be effective April 13, 1985, refusing to accept appellee's withdrawal of the resignation.

On June 3, 1985, appellee requested a hearing before the Commission in regard to his involuntary termination. The Commission declined to hold such hearing and stated that

matters regarding a resignation were outside its jurisdiction.

Appellee then filed an action with the Court of Common Pleas of Washington County requesting a hearing in regard to the involuntary termination. The trial court remanded to the Commission for an evidentiary hearing. The Commission concluded that appellee's resignation was properly accepted by Council. On appeal, the trial court reversed, holding that appellee's resignation had not been accepted by Council before April 13, 1985 and that the withdrawal of April 10, 1985 was effective.[1]

Appellants argue that the trial court erred as a matter of law in concluding that the letter received by Council on April 10, 1985, effectively withdrew appellee's resignation. Appellants contend that the attempt to withdraw the resignation was ineffective, relying upon the premise in unemployment cases that "a resignation which is later revoked remains a voluntary termination of employment if the employer has taken steps to replace the employee before the revocation." *Zimmerman v. Unemployment Compensation Board of Review*, 101 Pa. Commonwealth Ct. 274, 278, 516 A.2d 102, 104 (1986) (*citing Hale v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 245, 425 A.2d 1216 (1981); *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976); and *Soyster v. Unemployment Compensation Board of Review*, 197 Pa. Superior Ct. 547, 180 A.2d 123 (1962)). Appellants argue that arrangements had been made for a replacement as demonstrated by the letter to Conaway offering appellee's position to him and Conaway's acceptance thereof. We do not agree.

Although few cases in Pennsylvania concern resignation and withdrawal by persons in public service, we believe that general contract law and municipal law must be applied

---

1. Appellee was eventually discharged on February 9, 1987, based upon 1) conduct unbecoming a police officer and 2) neglect or violation of an official duty. The discharge is not a part of the action before this Court.

rather than unemployment compensation law as appellants argue. Generally, contracts require offer and acceptance. *Triffin v. Thomas*, 316 Pa. Superior Ct. 273, 462 A.2d 1346 (1983). Specifically, a resignation is not effective until it has been accepted by the municipal body. This is demonstrated in the Supreme Court case *Whitehouse v. Krapf*, 249 Pa. 81, 94 A. 553 (1915), where a petition for appointment of township supervisors had been presented, but subsequently withdrawn. The Court held that without acceptance of the resignation before the withdrawal of such, no vacancies were to be filled. Resignations can be rescinded or withdrawn prior to the acceptance by the governing body, *Steel v. Commonwealth*, 18 Pa. 451 (1852); and *Kelly v. Drab*, 13 Pa.D. & C.3d 652 (1980).

Even if we were to apply unemployment compensation law, the language in neither the letter to Conaway nor his response demonstrates *reliance* by Council or Conaway that the job was available until accepted by Council, which is required in unemployment cases to maintain voluntary termination. Additionally, Conaway has never been released by his physician to assume appellee's position. These facts certainly do not demonstrate reliance. We, therefore, find that appellee withdrew his resignation prior to the Council's acceptance and thus, must be reinstated with pay until the date of discharge.

Accordingly, the order of the Court of Common Pleas of Washington County is hereby affirmed.

### ORDER

AND NOW, this 13th day of November, 1989, the order of the Court of Common Pleas of Washington County in the above-captioned matter is hereby affirmed.