533 A.2d 507

Clinton Smith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on Briefs September 17, 1987, to Judges MACPHAIL, BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Kim Eaton,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, November 13, 1987:

Clinton Smith (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) reversing a referee's decision granting benefits on the grounds that Claimant was discharged for willful misconduct. We affirm.

Claimant worked as a housekeeping aide for Health Care Housekeeping Services, a provider of nursing care. His assignment was to clean the rooms of elderly and infirm nursing home patients on weekends and holidays. The employer testified that on Labor Day, September 2, 1985, he was on the premises when another employee told him Claimant had just punched a patient whose room he was cleaning and called him a "dog." The employer went to the patient's room and observed a red mark on the patient's arm. The patient complained he had just been struck by a man in the room. The employer also testified that as he was passing another room he heard Claimant say to a patient "Where is your money, I need money." Finally, the employer stated that on a previous occasion a nurse had reported Claimant was throwing M & M candies at a patient and that he subsequently observed those candies on the floor of the patient's room and warned Claimant about it.

At the referee hearing, only the employer testified. Neither the patients, fellow employee nor nurse appeared although a written statement by the fellow employee concerning the physical abuse was admitted into evidence. The referee concluded that the employer had not met its burden in submitting first hand competent

testimony as to any abuse. The Board reversed, finding that the employer's direct testimony regarding Claimant's demand for money from a patient warranted a finding of willful abuse standing alone which was reinforced by the admissible testimony of the other incidents reported.

The Board's findings of fact are conclusive so long as the record, taken as a whole, contains substantial evidence to support those findings. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Our duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 370 A.2d 829 (1977). In the present case the Board relies on a mixture of hearsay and direct evidence to support its case. Hearsay testimony may be sufficient to support a finding of the Board if it is not objected to and is corroborated by other competent evidence. *Jenkins v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 332, 467 A.2d 648 (1983); *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). The employer's testimony that he heard Claimant demand money from a patient, that he saw a bruise on a patient's arm and that he observed candies strewn about a patient's room is competent evidence. It is corroborated by the various statements made to the employer by other employees, a nurse and patients. The record, taken as a whole, and the inferences drawn from the record, are sufficient to support the finding of the Board that Claimant attempted to extort money from a patient and that he on occasion abused and belittled patients. This

is a deliberate violation of the employer's written rules that patients are to be free from physical and mental abuse and are to be treated with consideration and respect. Claimant's actions constitute willful misconduct under any set of rules and his claim for benefits must be denied.

ORDER

NOW, November 13, 1987, the order of the Unemployment Compensation Board of Review at Decision No. B-247682, dated March 17, 1986, is hereby affirmed.