## Kupets v. Brownsville Area School District

*James T. Davis,* for plaintiff.
*Mark F. Morrison,* for defendant.

FRANKS, *J.,* January 28, 1992—The issue before us arises from plaintiff's motion for a peremptory judg-

ment pursuant to his complaint in mandamus. After hearing a review of the facts, applicable law, and briefs submitted by counsel, we grant plaintiff's motion. For the reasons stated herein, we find that the Brownsville Area School Board was without legal authority to accept plaintiff's resignation after plaintiff had communicated both orally and by letter that he rescinded his resignation.

Plaintiff was hired as head boys' varsity basketball coach by Brownsville Area School Board for the 1991-1992 basketball season. At a hearing held on January 24, 1991, it was established that plaintiff submitted a letter of resignation as coach to the superintendent of the school board on November 22, 1991. Shortly thereafter, he orally rescinded this resignation.

Plaintiff continued to carry out his duties as coach through December 1991, until January 16, 1992, when he was apprised of the school board's decision to accept his letter of resignation dated November 22, 1991. The school board's decision came after plaintiff had submitted a letter rescinding his resignation on January 16, 1992. A copy of this letter was attached to the packet of materials each school board member received the evening of the meeting at which the resignation was accepted.

Plaintiff asks this court to grant his motion for peremptory judgment and allow him to continue to function as the coach. A resignation from a position is not effective until it has been accepted. Prior to acceptance, the resignation may be withdrawn. *Borough of California v. Horner,* 129 Pa. Commw. 426, 565 A.2d 1250 (1989), *alloc. denied,* 577 A.2d 892. Once withdrawn, there can be nothing to accept.

We find this to be the facts of the instant case. Plaintiff submitted his letter of resignation, but had withdrawn it prior to the school board's voting to accept it. We further conclude that the school board, based on its actions, is estopped from denying that the resignation was ever properly rescinded.

The record reveals that plaintiff had orally communicated to the principal of the high school that it was his intention not to resign. Plaintiff continued to function as the coach throughout November and December 1991. This was with the full knowledge of the school board. Plaintiff continued to hold practices, participate in scrimmages, and participate in a basketball tournament in December. In fact, he was paid for his services as coach through December 1991.

In conclusion, plaintiff had properly and validly rescinded his letter of resignation prior to the school board's voting on the issue. As such, any action taken by the school board on this resignation is null and void as there was no tendered resignation after it was rescinded.

Wherefore, we enter the following

## ORDER

And now, January 28, 1992, it is hereby ordered and directed that plaintiff's motion for peremptory judgment is granted. It is further ordered and directed that plaintiff be permitted to continue as head boys' varsity basketball coach at Brownsville Area Senior High School.