**Kenneth W. CAMPBELL, Appellant,**

v.

**CIVIL SERVICE COMMISSION OF the CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1998.

Decided June 17, 1998.

Publication Ordered Aug. 26, 1998.

___

575

Ricardo A. Byron, Philadelphia, for appellant.

Sheryl G. Pincus, Philadelphia, for appellee.

Before DOYLE and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Kenneth Campbell appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which affirmed a decision of the Civil Service Commission of the City of Philadelphia (Commission) concluding that any disability suffered by Campbell after April 27, 1995 originated from a non-work-related, pre-existing condition.

Campbell is a sergeant in the Philadelphia Police Department (Employer). On November 26, 1994, he sustained injuries to his neck and back as a result of a fall at work. He was placed on no-duty status and received injured-on-duty benefits. In February, 1995, he returned to limited duty status, working as a file clerk. On April 26, 1995, Campbell was evaluated by Dr. Lorraine Gutowicz, the medical director at the Industrial Healthcare Center. Dr. Gutowicz approved Campbell to return to work on active duty as of April 27, 1995. She also recommended that Campbell be evaluated by Medical Evaluation Unit for

chronic non-work-related cervical disability. Campbell did not return to active duty as of April 27, 1995 but continued to work at the light-duty clerical position until an evaluation on July 4, 1995. At that time, Campbell was recommended for restricted duty because of non-work-related cervical symptoms.

Campbell filed an appeal to the Commission pursuant to Philadelphia Civil Service Regulation 32.12,[1] arguing that his injuries were and continue to be work-related. At a hearing before the Commission, Campbell amended his petition to also include an appeal under Philadelphia Civil Service Regulation 32.11.[2] At a subsequent hearing held on May 15, 1996, Campbell testified, and the transcript of his testimony at a workers' compensation hearing was also admitted into evidence. Counsel for both parties stipulated that (1) all documents submitted at the Commission hearing would be treated as if they had been authenticated by a custodian of records and (2) the custodians would testify that the documents were prepared in the ordinary course of business. At the conclusion of the hearing, counsel for Employer moved into evidence its medical records. Campbell's counsel objected to the admission of one document, but, according to the transcript, was not specific as to the basis of the objection.

On June 28, 1996 the Commission issued a decision finding that any disability Campbell suffered after April 27, 1995 originated from a non-work-related, pre-existing condition. The Commission further found that there was no medical evidence establishing that Campbell's fall aggravated a pre-existing condition. Campbell appealed to the trial court which affirmed the Commission's decision. Campbell now appeals to this Court.

On appeal, Campbell argues that (1) the Commission's decision is not supported by substantial evidence; (2) the Commission erred in concluding that his injury was not work-related where the police department paid him injured-on-duty benefits for three months, thus recognizing the work-relatedness of the injury; and (3) the Commission is unconstitutional and does not promote a fair and neutral forum for the litigation of employee disability benefits.[3]

Civil Service Regulation 32 is similar in intent and form to the Workers' Compensation Act (Act)[4] and this Court has held that the principles enunciated in interpreting that Act will apply to Regulation 32 where similar substantive issues are involved. *Smith v. Civil Service Commission, City of Philadelphia,* 53 Pa.Cmwlth. 164, 417 A.2d 810 (1980). Under workers' compensation law, once an employer has issued a notice of compensation payable or agreed to pay benefits, the employer has admitted that an em-

---

1. Regulation 32.12 provides, in pertinent part:

   The following employees may appeal to the Civil Service Commission from an action of the appointing authority or the Personnel Director depriving them of more than ten (10) days' benefits under this Regulation. . . .

   Any Employee aggrieved by a finding as to the existence, nature, or service-connection of his disability.

2. Regulation 32.11 provides:

   A Regulation 32 employee who is instructed by the Municipal Employees Compensation clinic to return to work, either on a full-active or limited duty basis, and does not do so, is being insubordinate, even if he feels he is physically unable to return to work. In such a situation, however, he may appeal to the Civil Service Commission. Should the employee file an appeal *within thirty (30) days* of such refusal to *return to* work, his absence from work for the period between the date of filing such appeal and the date a decision thereon is entered by the Commission shall be charged against ac-

crued sick time. In the event that accrued sick and vacation leave and compensatory time are utilized and exhausted during the period prior to the Commission's decision, he shall thereafter be carried without pay. A Commission decision adverse to the employee will entitle the City to recover wages paid by the City for sick leave so used retroactive to the date of the appeal.

3. Our scope of review, where the trial court has limited itself to the record before the Commission, is restricted to determining whether the Commission's order violated the employee's constitutional rights, whether the Commission manifestly abused its discretion or committed an error of law, or whether the Commission's decision was not based upon substantial evidence. *Barbour-Knight v. Civil Service Commission of the City of Philadelphia,* 703 A.2d 572 (Pa.Cmwlth. 1997).

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

ployee's injury arose in the course of employment and is related thereto, provided that the employer had a full opportunity to investigate the circumstances surrounding the employee's injury before agreeing to pay compensation. *Sammons v. Civil Service Commission of the City of Philadelphia,* 673 A.2d 998 (Pa.Cmwlth.1996). Where an employer seeks to terminate benefits after the issuance of a notice of compensation payable or an agreement to pay benefits, the burden is on the employer to prove that the employee's disability has ceased or that the current disability is not related to his previous work-related injury. *Sweed v. City of Philadelphia,* 687 A.2d 59 (Pa.Cmwlth.1996). Applying these principles to Regulation 32, where an employer seeks to terminate benefits after placing an employee on injured-on-duty status, the burden is on the employer to prove that the employee is no longer disabled or that the employee's current disability is not related to his previous work-related injury. *Id.*

Campbell contends that because Employer paid him injured-on-duty benefits from approximately November 26, 1994 to February, 1995, it admitted that his injuries were work-related. Therefore, Campbell argues, Employer should have the burden to prove that his disability changed after the date of his injury.

The Commission argues that under Regulation 32.11, an employee who is instructed to return to work and does not do so, must file an appeal within thirty days from the date of such refusal to return to work. Campbell was informed by Dr. Gutowicz, on April 26, 1995, that he was cleared to return to work with no restrictions. Therefore, The Commission argues, Campbell was required to appeal that determination within thirty days of April 26, 1995. The Commission argues

that because Campbell did not file an appeal within that thirty-day time period, he may not seek the type of relief a Regulation 32.11 appeal provides.[5] The Commission contends that under Regulation 32.12, the employee has the burden of proof. The Commission argues that the evidence presented by Campbell failed to establish that his disability was work-related and the Commission properly denied his appeal.

■ We agree with the Commission that Campbell bore the burden of proof in this proceeding. The opinion of Dr. Gutowicz that Campbell could return to work, as of April 27, 1995, without restriction is analogous to a finding that a claimant is fully recovered and no longer eligible for workers' compensation benefits. Because Campbell did not appeal the determination that he could return to work without restriction, that determination is final. Campbell's appeal under Regulation 32.12, alleging that his injuries were and continue to be work-related, may be likened to either a petition to set aside a final receipt or a petition for reinstatement of benefits. In either of these proceedings, the claimant would bear the burden of proof. *See Palmer v. Workers' Compensation Appeal Board (Helen Mining Co.),* 710 A.2d 1245 (Pa. Cmwlth. 1998).

Having determined that Campbell bore the burden of proof in the Regulation 32.12 appeal, we now consider whether he met that burden. At the hearings before the Commission, both Campbell and the Commission presented medical records.[6] In support of his argument that his injuries are work-related, Campbell relies on three reports submitted at the hearing: a report from Murray D. Robinson, M.D., dated July 28, 1995 stating that Campbell was asymptomatic prior to the fall of November 26, 1994 and that he "more

---

**5.** The Commission points out that although Campbell attempted to amend his appeal to include an appeal under Regulation 32.11, the Commission did not consider Campbell's appeal under that provision. Campbell does not argue on appeal that the Commission erred in not considering his appeal under Regulation 32.11.

**6.** Hospital and medical records are admissible into evidence as exceptions to the hearsay rule under the Uniform Business Records as Evidence Act, 42 Pa.C.S. § 6108, if they are properly au-

thenticated by the custodial or other qualified witness. Medical records and reports, even if properly authenticated, are admissible only to prove facts relating to hospitalization or treatment, treatment methods prescribed or symptoms described to the physician by the patient for the purpose of receiving medical advice. *Sweed.* Such records and reports would not be admissible to prove opinions, diagnoses and conclusions contained therein. *Id.*

than likely had some pre-existing disease that was asymptomatic prior to this fall and was aggravated by the 11/26/94 incident." (Reproduced Record (R.R.), pp. 117–18a); a report from Paul H. Steinfield, M.D., dated April 24, 1996, diagnosing Campbell as suffering from an aggravation of cervical spondylosis with cervical radiculopathy and lumbar disc disease, (R.R., pp. 125–26a.); and a report from Brent Weinerman, D.O., dated May 6, 1996, which gave a diagnosis for Campbell of traumatic cervical sprain and strain with C5–6, C6–7 cervical radiculopathy with an aggravation of a previous disc herniation. (R.R., pp. 128–29a.).

The Commission contends that the medical evidence submitted by Employer amply supports its determination that any disability that Campbell suffered after April 27, 1995 originated from a non-work-related, pre-existing condition. The Commission cites the March 22, 1996 report of Dr. Lorraine Gutowicz which indicates that Campbell's work-related injury had resolved and that any disability he may be experiencing after April 27, 1995 stemmed solely from his pre-existing degenerative back condition. The Commission also cites a report, dated January 9, 1995, from Dr. I. Howard Levin, which indicates that Campbell had a long standing history of cervical spine disease.

■■ In *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976), this Court held that hearsay evidence which is properly objected to, is incompetent to support an agency finding. Hearsay evidence which is not objected to will be given its natural probative effect and may support an agency finding if there competent evidence in the record to corroborate it; a finding based on hearsay alone is insufficient. *Id.* The medical reports submitted by Campbell and Employer before the Commission were hearsay but were not objected to.[7] Thus, they may support a finding if they are corroborated by any other competent evidence in the record.

Employer submitted progress notes from Thomas Jefferson University Hospital, dated November 27, 1994 which indicate that, on that date, Campbell was complaining of headache and paresthesia of the left arm and left toes. (R.R., p. 95b.) The notes further indicate that Campbell reported that the paresthesias in his arm and toes were old and that he has been experiencing them intermittently for several months.[8] *Id.* Employer also submitted medical records from Graduate Hospital to establish that Campbell underwent surgery on January 15, 1986 for a herniated cervical disc at C4–5.

The only evidence submitted by Campbell, other than the medical records was his testimony before the Commission and the transcript of his testimony before a Workers' Compensation Judge. Before the Commission, Campbell testified that he had no problems performing his job before the November 26, 1994 injury but he did admit on cross-examination that, after the 1986 surgery, he had flare-ups and discomfort in his neck. (Notes of Testimony, hearing of May 15, 1996, pp. 38a, 43a.) He further testified that after he received treatment, the discomfort would subside. *Id.*

■ The hearsay evidence submitted by Employer which is corroborated by other competent evidence, establishes that Campbell has a pre-existing medical condition that would flare-up from time to time. The opinions contained in Campbell's medical reports, that the November 26, 1994 injury aggravated his pre-existing condition, are not corroborated by any other competent evidence. Because there is no competent evidence to corroborate the opinions contained in Campbell's medical reports, a finding that the fall aggravated a pre-existing condition would not be sufficient under *Walker.* Because he has not established that his current disability is related to the November 26, 1994 injury, the Commission did not err in denying his appeal.

---

7. Campbell objected to the introduction of one of Employer's reports but the Commission overruled his objection. (R.R., p. 47a–48a.)

8. As previously stated, medical reports are admissible for the purpose of proving symptoms described to the physician by the patient for the purpose of receiving medical advice.

■ Campbell also argues that the Commission is unconstitutional and does not provide him with a fair and neutral forum for the litigation of his claim for employee disability benefits.[9] Campbell contends that the Commission implicitly acted as an agency of the municipality without any attempt at maintaining a proper constitutional division between the administrative and adjudicative functions. Campbell has not set forth specific facts in support of his allegation. Because he did not develop this argument in his brief, we consider this argument waived. *Ward v. Department of Community Affairs,* 685 A.2d 1061 (1996).

The order of the trial court is affirmed.

### ORDER

AND NOW, this 17th day of June, 1998 the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

---

9. Campbell did not raise this issue before the Commission.