CITY OF PHILADELPHIA, Appellant,

v.

CIVIL SERVICE COMMISSION
and Kimberly Hayes.

Commonwealth Court of Pennsylvania.

Argued March 3, 2003.
Decided April 17, 2003.
Reargument En Banc Denied
June 17, 2003.

Martin G. Malloy, Philadelphia, for appellant.

W. Michael Mulvey, Philadelphia, for appellee.

Before SMITH–RIBNER, J., SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The City of Philadelphia (City) appeals from an order of the Court of Common Pleas of Philadelphia County that affirmed a decision of the City's Civil Service Commission (Commission) granting Kimberly

Hayes' appeal from the City's denial of injured-on-duty benefits for the period from October 30, 2001 through January 12, 2002. The City presents two questions for review: whether the trial court erred as a matter of law in affirming the Commission's decision when the Commission relied on properly objected to hearsay documents in rendering its opinion and whether the court erred as a matter of law in affirming the Commission when it erroneously assigned the burden of proof to the City.

On December 19, 1999, Hayes suffered a fractured right ankle when she fell during a struggle with a suspect while working as a police officer for the City. Hayes was treated by the City's compensation clinic at MCP Hospital, and until April 2000 she received "injured-on-duty" disability benefits.[1] From April 2000 until February 2001 Hayes returned to limited duty, during which time she continued to receive physical therapy for her ankle. Hayes was referred to Dr. Edward Chairman, a podiatric surgeon, who examined Hayes on September 27, 2000 and recommended an MRI and prescribed an ankle brace to reduce ligament stretching. In February 2001 Hayes returned to full duty, but because of continuing pain in her ankle she sought additional medical treatment. In April 2001 she returned to limited-duty status and remained there until July 31, 2001 when, after being examined by two

doctors at the behest of the City, she returned to full duty. Hayes continued to wear the brace and to suffer pain in her ankle.

On September 11, 2001, Hayes fell down a flight of steps while on active duty. She received hospital emergency room treatment for injuries to her left knee, right arm and other areas of her upper body, but she did not report a specific injury to her right ankle. She continued to work through October 29, 2001, after which date she commenced using her accumulated sick leave for the period lasting through January 12, 2002. The City refused Hayes' request in October for another examination, and she returned to Dr. Chairman on November 1, 2001, at which time he recorded her account of the September 11 fall and noted the presence of inflammation and sensitivity in her right ankle. Dr. Chairman prescribed a soft cast on the right foot, immobilization and several injections in Hayes' right ankle. The doctor cleared Hayes for limited duty on December 5, 2001, but the City refused to allow her to return to limited duty. Hayes returned to full duty on January 12, 2002.

Pursuant to Regulation 32.11, Hayes appealed to the Commission seeking to have injured-on-duty benefits awarded for the period from October 30, 2001 through January 12, 2002, for which absence she had used her accumulated sick leave.[2] At the

1. "Injured-on-duty" disability benefits are paid pursuant to Civil Service Regulation 32.0231, which provides that an officer injured on duty will receive "IOD" pay equal to 100% of the officer's pre-injury base pay. *See Gunter v. Workers' Compensation Appeal Board (City of Philadelphia)*, 771 A.2d 865, 869, n. 7 (Pa.Cmwlth. 2001), *aff'd*, —— Pa. ——, 825 A.2d 1236 (2003).

2. Philadelphia's Civil Service Regulation 32 was enacted to provide benefits for city employees in the event they were injured and disabled in the course of their public service.

*Smith v. Civil Service Commission of Philadelphia*, 53 Pa.Cmwlth. 164, 417 A.2d 810 (1980). Regulation 32.11 provides in pertinent part:

32.11—REGULATION 32 EMPLOYEE REFUSING TO RETURN TO WORK ON INSTRUCTIONS FROM THE MEDICAL DIRECTOR OR THE MEDICAL DIRECTOR'S DESIGNEE. A Regulation 32 employee who is instructed by a physician authorized by the Medical Director, to return to work, either on a full-active or limited duty basis, and does not do so, is being insubordinate, even if the employee feels physically unable

hearing Hayes testified that after returning to full duty on July 31, 2001, she continued to experience some pain in her ankle, but by wearing the brace that Dr. Chairman prescribed she was able to perform her duties. She stated that although she did not report an injury to her right ankle after the September 2001 fall, she began to experience pain and swelling one or two days after the fall. Over the City's hearsay objection Hayes' counsel introduced into evidence office notes from Dr. Chairman regarding his treatment of Hayes' injuries. The City introduced into evidence the medical report of Dr. Richard Whittaker, an orthopedic surgeon, who examined Hayes on January 15, 2002 and the medical evaluations of Hayes performed by City doctors in June and July 2001. The City argued that Regulation 32.12 governed Hayes' appeal and that it was her burden to prove that she was disabled because of a recurrence of the right ankle injury.[3]

The Commission relied on Dr. Chairman's office notes and Hayes' testimony to conclude that her time off work between October 30, 2001 and January 12, 2002 was related to the December 1999 right-ankle injury, as aggravated by the September 2001 fall. Although not specifically addressing the City's claim that Hayes' appeal should have been brought under Regulation 32.12, the Commission concluded: "The Department has not met its burden regarding appellant's recurrence claim, which was to prove it did not cause or contribute to the employee's present disability." Commission's Opinion at 2. The trial court noted that although the Commission had misstated the burden of proof, the evidence showed that Hayes had sustained her burden of proving that her absence from work was due to an aggravation of a previous work-related injury. In response to the City's hearsay objection, the court noted that issues raised in Regulation 32 appeals have been decided by reference to applicable principles of workers' compensation law. Because Hayes sought only ten weeks of benefits and because Section 422 of the Workers' Compensation Act[4] allows unsworn medical reports to be submitted into evidence when a claim is for fifty-two weeks or less, the court declined to reverse the Commission's evidentiary ruling.[5]

---

to return to work. In such a situation, however, the employee may appeal to the Civil Service Commission. Should the employee file an appeal with the Civil Service Commission within thirty (30) days of such refusal to return to work, any absence from work for the period between the date of filing such appeal and the date a decision thereon is entered by the Commission shall be charged against accrued sick leave, vacation leave or holiday compensatory time. R.R. at 16A.

3. Regulation 32.12 provides in pertinent part:
   32.12—APPEALS
   32.121—The following employees may appeal to the Civil Service Commission from an action of their appointing authority or the Personnel Director depriving them of more than ten (10) days' benefit under this Regulation, provided that such appeal is filed with the Commission within fifteen

(15) days of receipt by the employee of written notice of the action complained of:
   32.1211—Any employee aggrieved by a finding as to the existence, nature, or service-connection of the employee's disability. R.R. at 16A—17A.

4. Act of June 2, 1915, P.L. 736, *as amended,* Section 422 added by Section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. § 835.

5. When the trial court bases its review on the record created before the Commission, this Court's review is limited to determining whether the Commission's order violated constitutional rights, whether the Commission abused its discretion or committed an error of law or whether its decision was based upon substantial evidence. *City of Philadelphia v. Civil Service Commission of Philadelphia,* 565 Pa. 265, 772 A.2d 962 (2001). Substantial

Citing *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976), the City argues that Dr. Chairman's office notes were inadmissible hearsay and should not have been relied upon by the Commission. The City agrees that Regulation 32 cases are subject to the principles of workers' compensation law, but it argues nonetheless that it was error to invoke Section 422 to allow the introduction of hearsay medical reports because Regulation 32 has no corresponding provision allowing such evidence, no matter what the duration of benefits sought. The City suggests that the Commission's failure to correctly assign the burden of proof is an independent basis for reversing its decision. In reply, Hayes argues that the trial court properly invoked Section 422 in allowing admission of Dr. Chairman's records and as well as the medical reports offered by the City. Hayes contends that the Commission's misstatement of the burden of proof constitutes harmless error and that its finding that she suffered a recurrence of her right ankle injury is supported by substantial evidence.

■ It is accepted that when a municipal employer seeks to terminate an employee's benefits after placing the employee on injured-on-duty status, the burden is on the employer to prove that the employee is no longer disabled or that the employee's current disability is not caused by the previous work-related injury. *Sweed v. City of Philadelphia*, 687 A.2d 59 (Pa. Cmwlth.1996). In this case, Hayes was performing full duty from July 31 through October 29, 2001, or three months before

her absence from October 30, 2001 through January 12, 2002, and although she filed a Regulation 32.11 appeal in November 2001, she was not at that time or subsequently receiving injured-on-duty disability benefits. Hayes had returned to her pre-injury job prior to her claim for reinstatement of previously discontinued injured-on-duty benefits; therefore, it was her burden to show that she was once again disabled. *City of Philadelphia v. Civil Service Commission of Philadelphia*, 565 Pa. 265, 772 A.2d 962 (2001); *Sammons v. Civil Service Commission of Philadelphia*, 673 A.2d 998 (Pa.Cmwlth.1996).

■ Notwithstanding the Commission's error in assigning the burden of proof to the City, a review of the record confirms that substantial evidence supports the Commission's finding that Hayes became disabled because of a recurrence of her right ankle injury. The Commission credited Hayes' testimony and Dr. Chairman's records regarding his November 2001 examination. The City offered no medical evidence to establish Hayes' condition during the period October 30, 2001 through January 12, 2002; it instead offered medical evaluations of Hayes in June/July 2001 and Dr. Whittaker's medical evaluation of January 15, 2002, after Hayes returned to full duty. The Court therefore agrees that placing the burden of proof on the City was harmless error.[6] The City cannot demonstrate that a different result would have obtained had the burden been placed on Hayes.

■ In regard to the hearsay issue, the City correctly states the general rule that

---

evidence is such evidence that a reasonable mind might accept as adequate to support a particular conclusion. *Moorehead v. Civil Service Commission of Allegheny County*, 769 A.2d 1233 (Pa.Cmwlth.2001).

**6.** *See Haygood v. Civil Service Commission*, 133 Pa.Cmwlth. 517, 576 A.2d 1184 (1990) (incorrect placement of burden of proof was harmless error when burdened party presents evidence such that it does not lose summarily and fact finder decides case on evidence presented by both sides).

in administrative proceedings properly objected to hearsay will not support an agency's factual findings. *Walker.* However, in this case Dr. Chairman's office notes were properly admitted in accordance with Section 422 of the Workers' Compensation Act, which allows for the admission of unsworn medical reports when the claim for benefits is for fifty-two weeks or less, even for the purpose of showing opinions and diagnoses. In *Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse),* 718 A.2d 397 (Pa. Cmwlth.1998), the Court acknowledged that the purpose of Section 422 is to promote efficiency in the administration of short-term benefit claims by saving the time and expense of pursuing more elaborate discovery measures. Applying Section 422 principles to this case is entirely consistent with the appellate courts' previous interpretations of Regulation 32.[7] For the reasons discussed, the Court affirms the trial court's order.

### ORDER

AND NOW, this 17th day of April, 2003, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.

---

**7.** *See City of Philadelphia v. Civil Service Commission of Philadelphia,* 565 Pa. 265, 772 A.2d 962 (2001) (applying workers' compensation standards for "psychic injury" and "abnormal working conditions" to Regulation 32 claim); *Campbell v. Civil Service Commission of Philadelphia,* 717 A.2d 574 (Pa. Cmwlth.1998) (applying workers' compensation law burden of proof to Regulation 32 claim); *Sammons* (treating Regulation 32's injured-on-duty status as equivalent to notice of compensation payable); and *Smith v. Civil Service Commission of Philadelphia,* 53 Pa. Cmwlth. 164, 417 A.2d 810 (1980) (applying workers' compensation standards for unequivocal medical testimony and forfeiture of benefits to Regulation 32 claim).